{¶ 44} I concur with the majority's disposition of appellant's first, second, and third assignments of error for lack of merit. However, I dissent from the majority's ruling sustaining appellant's fourth assignment of error.
 {¶ 45} Since appellant's brief wholly fails to conform with the requirements of App.R. 16(A), each of appellant's assignments of error should be overruled pursuant to App.R.12(A)(2). Even if we were to examine appellant's arguments set forth under his purported fourth assignment of error, the trial court's imposition of sentence should be affiimed.
 {¶ 46} Although appellant couches his fourth assignment of error as one challenging the imposition of sentence, we must examine his arguments to determine the true nature of the assignment of error. See State v. Martin, 11th Dist. No. 2002-P-0072, 2004-Ohio-3027, at ¶ 23. In this appeal, appellant has not raised specific issue with the fine imposed on him by the trial court or appellant's ability to pay such fine. Rather, appellant's brief, which, as discussed above, suffers in form, substance, and lack of legal authority, challenges his sentence on the grounds that the judge "made her decision only on the testimonies she believed" and the misplaced assertion "that defendant-appellant was sentenced all on hearsay." These arguments, in essence, challenge the trial court's weighing of the evidence and the admissibility of testimony, both of which lack legal merit, rather than the imposition of sentence. Thus, the majority's reliance on State v. Boyle, 11th Dist. Nos. 2003-P-0027, 2003-P-0028, 2003-P-0029, 2004-Ohio-1531, wherein the appellant specifically raised an issue with the trial court's imposition of "a fine in addition to jail time," id. at ¶ 33, is misplaced.
 {¶ 47} The fine imposed in this case is within the statutory limit for the offense committed by appellant, R.C. 2929.21(C)(4), and will serve as a "deterrence of the offense or the correction of the offender." R.C. 2929.22(E). Appellant did not indicate at trial, or even on appeal, that he lacked the ability to pay the fine.
 {¶ 48} The lower court did not abuse its discretion in sentencing appellant.
 {¶ 49} Therefore, I would affirm the judgment of the Portage County Municipal Court, Kent Division.